ROBERT M. CARMICHAEL,
and KIMBERLY CARMICHAEL,[1]

               **Plaintiffs,**

v.                                          **Case No. 12-C-283**

TRIAD FINANCIAL CORPORATION,
DOUGLAS J. CARROLL, JR.,
JOSHUA J. BRADY,
MEL FLANAGAN,
GORDON K. AARON,
MILWAUKEE COUNTY CIRCUIT COURT,
WISCONSIN COURT OF APPEALS, District I,
BASS & MOGLOWSKY S.C.,
RALPH ADAM FINE,
KITTY K. BRENNAN,
JOAN F. KESSLER, and
PATRICIA S. CURLEY,

               **Defendants.**

-------------------------------------------------------------

ROBERT M. CARMICHAEL,

               **Plaintiff,**

v.                                          **Case No. 12-C-284**

WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT,
SERVICE FIRST STAFFING INC.,
MILWAUKEE COUNTY CIRCUIT COURT,
THOMAS COOPER,

---

[1]Because the Plaintiffs in these actions have the same surname, the Court departs from its usual practice of referring to parties by surname and has used given names for two of the Plaintiffs.  No disrespect is intended.

**WILLIAM CASSEL, and**
**STATE OF WISCONSIN,**

                                  **Defendants.**

-------------------------------------------------------------

**ROBERT M. CARMICHAEL,**

                                  **Plaintiff,**

                                                            **Case No. 12-C-285**

**v.**

**DENEEN F. MCCLINTON, and**
**SUE L. COLBURN,**

                                  **Defendants.**

-------------------------------------------------------------

**ROBERT M. CARMICHAEL,**
**KIMBERLY CARMICHAEL, and**
**DESIREE R. CARMICHAEL,**

                                  **Plaintiffs,**

**v.**                                                  **Case No. 12-C-319**

**BUREAU OF MILWAUKEE CHILD WELFARE,**
**SCOTT PHILLIPS,**
**MATTHEW TORBENSON**
**SUED AS MATT TORBENSON,**
**JANE CARROLL,**
**JEFFREY A. WAGNER,**
**CHARLOTTE BOOKER,**
**MILWAUKEE COUNTY,**
**CIRCUIT COURT MILWAUKEE**
**COUNTY,**
**CHILDREN'S COURT CENTER,**

DONALD JOSEPH,
KEITH O'DONNELL,
STEVE WELLS,
JUSTIN CARLONI,
PATTI WABITSCH,
MICHAEL J. HICKS,
DENNIS G. PURTELL,
MARK A. SCHOENFELDT,
PROFESSIONAL SERVICES GROUP INC.,
SARA WOITEL,
"MILWAUKEE COUNTY
POLICE DEPARTMENT,"[2]
MILWAUKEE COUNTY DISTRICT
ATTORNEY'S OFFICE,
STATE OF WISCONSIN, and
JOHN DOES sued as "Unknown Others,"

       **Defendants.**

---

# DECISION AND ORDER

---

  This Decision and Order addresses four actions filed by pro se Plaintiff Robert

M. Carmichael ("Carmichael") — Case Numbers 12-C-283, 12-C-284, 12-C-285, 12-C-319

(the "283 action," the "284 action," the 285 action," and the "319 action," respectively).   In

the 283 action Kimberly R. Carmichael ("Kimberly") is also a pro se Plaintiff.   In the 319

action, both Kimberly and Desiree R. Carmichael ("Desiree') are pro se Plaintiffs.   In bringing

these actions, Carmichael and his co-plaintiffs invoke the Court's jurisdiction under 28 U.S.C.

---

[2]There is no "Milwaukee Country Police Department."  Given the address that the Plaintiffs have provided for the entity, it appears that the Plaintiffs intended to name the City of Milwaukee Police Department  (the "MPD") as a Defendant.

§ 1331, which provides for federal district courts jurisdiction over matters "arising under the Constitution, laws, or treaties of the United States."[3]

No filing fee has been paid by any of the Plaintiffs. Instead, on May 10, 2012, Carmichael filed an affidavit and request to proceed without prepayment of a filing fee, often referred to as a request to proceed *in forma pauperis*, in each of the four actions. Carmichael, who is married and has one minor dependent, is not employed. He owns a house worth $135,000 and has cash or an account(s) with $5,000. He is married. However, he did not complete the box indicating whether his spouse is employed. He does not list any monthly expenses. Neither Kimberly nor Desiree filed an affidavit and request to proceed *in forma pauperis*.

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). Carmichael, who is married and has one minor dependent, is not employed. He owns a house worth $135,000 and has cash or an account(s) with $5,000. He is married. However, he did not complete portion on the form regarding whether or not his spouse is employed, and if she is, has not disclosed the amount of her income. Carmichael also has not listed any monthly expenses. Nonetheless, he indicates that he has $5,000 in cash or bank account, suggesting that he is able to pay the $350 filing fee for each action. Moreover, neither Kimberly nor

---

[3]The Civil Cover Sheet for each action indicates that the Plaintiff(s) and Defendants are citizens of Wisconsin.

Desiree have provided any information regarding their ability to pay the filing fees in the 283 and/or the 319 actions. The Plaintiffs must either pay the $350 filing fee for each action, or they must each file complete affidavits and request to proceed without prepayment of a filing fee. Specifically, Carmichael must file a superceding affidavit and request to proceed without prepayment of a filing fee in the 283 and 319 actions, Kimberly must file an affidavit and request to proceed without prepayment of a filing fee in the 283 and 319 actions, and Desiree must file an affidavit and request to proceed without prepayment of a filing fee in the 319 action, as necessary for the Court to proceed further with the analysis of the Plaintiffs' financial abilities to pay the filing fees in the 283 and 319 actions.

However, Carmichael's ability to pay the filing fee in the 284 and 285 actions is irrelevant because review of those Complaints reveals a more fundamental problem – the lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009)(citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Newell Operating Co. v. Int'l Union of United Auto., Aerospace & Agric. Implement Workers*, 532 F.3d 583, 587 (7th Cir. 2008)). Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

This obligation is reinforced by the Federal Rules of Civil Procedure: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* (quoting Fed. R. Civ. P. 12(h)(3)). As the party invoking federal court

jurisdiction, Carmichael has the burden of establishing proper federal subject matter jurisdiction. *Muscarello v. Ogle Cnty. Bd. of Com'rs*, 610 F.3d 416, 425 (7th Cir. 2010) *cert. denied*, __ U.S. __ , 131 S.Ct. 1045 (2011).

Presumably, Carmichael invokes federal question jurisdiction pursuant to 28 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An individual must personally cause or participate in the alleged constitutional deprivation in order to be held liable under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). The Court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Each of the Complaints states that: "I declare under penalty of perjury that the foregoing is true and correct." By declaring under penalty of perjury that the Complaint is true and signing the document, a plaintiff verifies the Complaint pursuant to 28 U.S.C. § 1746. Thus, the factual assertions in a complaint which comply with the requirements of Fed. R. Civ. P. 56(e) are considered as if they were made in an affidavit. *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996).

In the 284 action, Carmichael names as Defendants, the Wisconsin Department of Workforce Development (the "DWD"); Service First Staffing Inc. ("SFS"); the Milwaukee County Circuit Court; Thomas Cooper ("Cooper"), a Milwaukee County Circuit Court judge; William Cassel ("Cassel"), an attorney who represented the DWD in matters involving Carmichael; and, the State of Wisconsin. The 284 Complaint states that in 2009, Carmichael was employed by SFS. However, he was also receiving unemployment benefits from a prior employer. SFS laid Carmichael off and informed the DWD that Carmichael refused to work.

The DWD stopped Carmichael's unemployment benefits and issued findings that Carmichael had been overpaid unemployment benefits. On June 17, 2010, Carmichael filed an action in Milwaukee County Circuit Court challenging the suspension of his unemployment benefits. He contended, among other things, that the DWD acted without or in excess of its powers and his benefits were improperly suspended. On July 7, 2010, Carmichael filed motions to strike the answer and for a more definite statement. Cooper dismissed the Complaint and affirmed the Labor and Industry determination. However, Cooper did not decide Carmichael's motions. Carmichael alleges that the Defendants caused him emotional distress.

Liberally construed, the 284 action Complaint alleges that Cooper's affirmation of the DWD's determination that Carmichael should not continue to receive unemployment benefits and his failure to resolve Carmichael's motions caused him emotional distress. Despite construing Carmichael's Complaint liberally and taking all its factual allegations as

true, Carmichael has not stated violation of his rights under the United States Constitution. Therefore, the action is dismissed for lack of subject matter jurisdiction.

Although the Court's determination that it lacks subject matter jurisdiction requires dismissal of the 284 action, the Complaint in the 284 action also fails to state claims against the Defendants. The State of Wisconsin is immune from a suit because it is not a "person" that can be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Neither the Circuit Court for Milwaukee County nor the DWD are subject to suit under § 1983. *See Ryan v. Ill. Dep't of Children & Family Serv.*, 185 F.3d 751, 758 (7th Cir. 1999). Service First is not a state actor and, therefore based on the allegations of the Complaint, is not subject to suit under § 1983. Cooper's conduct is limited to judicial actions and, therefore, he has judicial immunity from suit. *See Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). In addition, no personal involvement in any wrongdoing by Cassell is alleged. *See Iqbal*, 556 U.S. at 676; *Brooks*, 578 F.3d at 580. Because the Court lacks subject matter jurisdiction over the 284 action and the Complaint fails to state a cause of action against any Defendant, the action is dismissed without leave to amend.

The precise nature any claim that Carmichael intends to raise in the 285 action is unclear. The action relates to events regarding the estate of Carmichael's sister, Shirley Carmichael ("Shirley"). The 285 Complaint states that Defendant Deneen F. McClinton ("McClinton") represented by Defendant Sue L. Colburn ("Colburn"), an attorney, filed a state court action against Carmichael on March 16, 2010. The state court action alleged that Carmichael had slandered McClinton and sought $5,000 in damages. Carmichael filed a

counterclaim alleging emotional distress and harassment and claiming damages of $5,000. McClinton dismissed her claim in mediation. Carmichael's counterclaim was dismissed as frivolous. Carmichael states that Colburn, on behalf of McClinton, claimed that McClinton had been named as the personal representative for Shirley's estate. Carmichael also states that McClinton took complete control of Shirley's assets following her death. Carmichael alleges that the Defendants caused him emotional distress.

Despite a liberal construction of Carmichael's Complaint in the 285 action, it does not plausibly state a federal cause of action. Neither Defendant is a state actor, and there is no alleged action taken under color of state law. Nor has Carmichael alleged any violation of his federal constitutional rights. Absent a federal cause of action, this Court lacks subject matter jurisdiction over this action. Therefore, the 285 action is dismissed for lack of subject matter jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

**No later than June 16, 2012**, the Plaintiffs must pay the filing fee of $350 per action for the 283 and 319 actions; or **no later that June 16, 2012**, in the 283 and 319 actions Carmichael must file an superceding affidavit and request for leave to proceed *in forma pauperis* and Kimberly must file affidavits and requests for leave to proceed *in forma pauperis*, and in the 319 action, Desiree must file an affidavit and request for leave to proceed *in forma pauperis*.

Failure to comply with this Order will result in dismissal of the 283 and/or 319 actions for failure to prosecute.

The 284 action is **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim.

The Clerk of Court is **DIRECTED** to enter judgment in the 284 action accordingly;

The 285 action is **DISMISSED** for lack of subject matter jurisdiction;

The Clerk of Court is **DIRECTED** to enter judgment in the 285 action accordingly.

Dated at Milwaukee, Wisconsin this 16th day of May, 2012.

**BY THE COURT**

**Hon. Rudolph T. Randa**
**U.S. District Judge**